BURLINGTON INDUSTRIES, INC. and
Liberty Mutual Insurance
Company, Appellants,

v.

Shirley Faye VESPIE, Appellee.

Supreme Court of Tennessee.

June 1, 1976.

John W. Wheeler, Hodges, Doughty & Carson, Knoxville, for appellants.

J. Polk Cooley, Rockwood, for appellee.

## OPINION

COOPER, Chief Justice.

This is a workmen's compensation action in which the trial judge found that the employee received a compensable injury arising out of and in the course of her employment and awarded compensation benefits for fifty percent permanent partial disability of the body as a whole. The issues we are asked to decide are (1) whether or not there is any material evidence to support the finding of the trial judge that the appellee is disabled by reason of an occupational disease which is compensable under T.C.A. Section 50–1101, and (2) whether or not the extent of the appellee's disability is supported by material evidence. Appellants also insist that the trial judge erred in the calculation of appellee's average weekly wage.

Appellee was employed by appellant on March 11, 1974, and was assigned to operate a tackitori machine, which we understand is a multiple operation sewing machine. Two weeks later appellant began to develop a problem with the complexion of her face. The condition grew progressively worse and appellee was referred by her family physician to a dermatologist, Dr. Charles I. Huddleston, for treatment.

Dr. Huddleston testified he first saw appellee on April 22, 1974. At that time and

for several months thereafter, appellee had severe grade IV acneform eruptions on her face, characterized by papules, pustules, blackheads, and small to medium-sized cysts. On treating appellee, Dr. Huddleston concluded that the acneform was chloracne. a generic term to describe "any acnelike eruptions induced by external agents, like chlorinated hydrocarbons." Dr. Huddleston further testified that the major cause of appellee's chlor-acne was "the oily substance which she got on her face while she was at work."

Appellee's face was severely scarred from the chlor-acne and she has undergone several plastic surgery procedures to try to relieve the condition. Dr. Huddleston testified that the damage to appellee's face makes appellee more susceptible to future onsets of acne and restricts the ways in which appellee can earn her livelihood in that she should not do "any sort of work where she would be exposed to oils, cutting oils, lubricants," nor should she work in a hot or humid atmosphere.

Appellee completed the tenth grade in school and has had no specialized training other than on-the-job training in a factory and as an attendant in a nursing home. The latter type employment is foreclosed to appellee because of a back condition not attributable to her employment by appellant. Future employment in a factory is limited by the restriction that appellant not be exposed to oils.

The trial judge concluded that chloracne is a form of dermatitis and that it was causally related to the conditions under which the appellee's work was performed. He further found that appellee sustained a residual permanent partial disability of fifty percent to the body as a whole as the result of the chlor-acne. In our opinion the above evidence is adequate to support the findings of the trial judge.

Dermatitis is a generic term to describe inflammation of the derma or true skin, and is a listed occupational disease covered under the Workmen's Compensation Act. See T.C.A. 50–1101. Appellee's skin eruptions were of such severity that they were apparent to the most casual observer, the real question being whether the skin eruptions were caused by the hazards of appellee's employment. Dr. Huddleston testified unequivocally that they were. He also testified to limitations on future employment by appellee as the result of the chlor-acne. These limitations, coupled with appellee's lack of education and specialized training and her severe facial scarring, in our opinion justify the award of fifty percent permanent partial disability to the body as a whole.

As to the contention that the trial judge erred in calculating appellee's average weekly wage, the weekly benefits awarded appellee were predicated upon earnings of $88.00 per week. This is in harmony with testimony of the personnel director that appellee had a regular work week of forty hours, and with appellee's testimony that she was being paid at the rate of $2.20 per hour when she became disabled.

The judgment entered in the trial court is affirmed. Costs of the appeal are adjudged against the appellant and its surety.

HENRY, BROCK, HARBISON and FONES, JJ., concur.